CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 04 2010

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA : Criminal No. 7:10-mj-00217
:
V. :
: **SEALED**
JONATHON LAMAR LOMAX :

**ORDER**

The United States has moved that the Complaint, supporting affidavit, Warrant for Arrest and Motion to Seal filed in the case be sealed. The United States Court of Appeals for the Fourth Circuit has established certain procedures which the Court must follow in order to properly seal judicial records. *Baltimore Sun Co. V. Goetz*, 886 F.2d 60 (4th Cir. 1989).

In *Goetz*, the Court indicated that "the common law qualified right of access to [judicial records] is committed to the sound discretion of the judicial officer who issued the warrant." *Id.* at 65. In order to seal the Complaint and associated documents in this matter, the Court must find that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 65-66 (quoting *Press-Enterprise Co. Superior Court*, 464 U.S. 501, 510 (1984)). The Court must make findings and conclusions specific enough to permit adequate review of a motion to seal. *Id.* at 65-66.

Consequently, the United States' motion to seal must state specific reasons why the particular judicial record at issue must be sealed. *Id.* The United States may request that the document containing its reasons be filed under seal. *Id.* at 65. The Court may explicitly adopt the facts set out by the United States to justify sealing the documents if the evidence appears to

be creditable. "[N]otice can be given by docketing the order sealing the documents." *Id.* If someone wishes to inspect the document, the Court will give that person an opportunity to voice objections to the denial of access. *Id.*

In the present case, the United States has submitted to the Court its motion to seal which contains specific reasons why the Complaint and associated documents should be sealed in their entirety without disclosing even a redacted part.

The Court finds that these reasons are creditable and hereby adopts them. The reasons set forth in the motion show that the sealing is "essential to preserve higher values" and that the sealing has been narrowly tailored to serve that interest. The United States has also requested that the motion to seal itself be filed under seal.

**IT IS THEREFORE ORDERED** that the Motion to Seal, the Complaint, supporting affidavit, and Warrant for Arrest shall be placed under seal by the Clerk. The Clerk is further instructed that this Order is not to be placed under seal, but the defendant's name in the caption shall be redacted.

**IT IS FURTHER ORDERED** that this Order be docketed and that persons desiring to inspect the sealed documents shall so petition the Court. Thereafter, the clerk shall direct by docketed order that within thirty (30) days all other interested parties file a response or their own petition to unseal and shall set the matter for hearing as soon as practicable.

**IT IS FURTHER ORDERED** that the documents are to remain under seal for thirty (30) days or until the defendant is in custody, whichever is sooner.

**IT IS FURTHER ORDERED** that disclosure of the criminal complaint, supporting affidavit and arrest warrant may be made by the government to such law enforcement agencies as is necessary to effect the arrest.

ENTERED: This 4th day of August, 2010.

Glen Conrad

CHIEF UNITED STATES DISTRICT JUDGE